```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA    )
                            )
       v.                   )    Case No. 2:11-cr-15
                            )
WALTER READ                 )

## OPINION AND ORDER

Defendant seeks compassionate release from a sentence the court imposed on October 10, 2019 for violation of supervised release.  Read is currently serving a 60-month sentence at FCI Danbury.  The government opposes Read's motion. For the reasons set forth below, Read's motion is **denied**.

## Factual Background

In February 2012, Read was sentenced to 37 months in prison following his conviction for possession of child pornography.  His sentence included a five-year period of supervised release.  When Read subsequently violated the conditions of his release by using a computer without an approved use plan, the Court revoked his supervised release and sentenced him to three months in prison.  His new sentence, issued on January 25, 2016, again included a five-year period of supervised release.

In February 2019, Read was accused of violating the terms of his supervised release based in part upon a recent indictment for possession of child pornography.  In October 2019, he entered into a plea agreement where the parties stipulated to a sentence

of 60 months and the new indictment was dismissed.  His current projected release date is May 25, 2023.

Read is now 78 years old.  He suffers from obesity, type II diabetes, and high blood pressure. He satisfies the extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i).

## Discussion

Read moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Read also contends that release is appropriate under Section 3553(a).

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant.  A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  In making this determination, the court must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id*.

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t).  The Sentencing Commission has determined that a

defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." *Id.* cmt. n.1(D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case without deference to the determination made by the BOP. *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

In *United States v. Zullo*, Chief Judge Crawford identified a list of factors for determining whether compassionate release is justified. No. 09-cr-64, ECF No. 1472 at 8-9. Those factors include: (1) evidence of a defendant's increased susceptibility to COVID-19 complications; (2) completion of at least fifty percent of a term of imprisonment, as compassionate release at the outset of the sentence would undermine the original purpose of the sentence; (3) the level of risk of violence or recidivism; (4) a record of non-violent conduct and positive rehabilitation while incarcerated; and (5) an appropriate plan for home confinement or supervised release. *Id.*

While the Court also acknowledges Read's age and poor health, they alone do not necessarily cause a reduction in Read's sentence. *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("the existence *vel non* of 'extraordinary and compelling reasons' determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release").

Furthermore, with respect to the Section 3553(a) factors, the seriousness of Read's offense and his lengthy criminal history weigh heavily against a sentence reduction.  He has engaged in a pattern of violating terms of supervised release.  He has served less than half of his 60 month sentence.  He also has offered a plan for release that does not differ from the supervision conditions he previously violated.  The Court therefore finds that reduction of Read's sentence would undermine the "need for the sentence imposed" "to reflect the seriousness of the offense," "protect the public" and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).

## **Conclusion**

For the reasons set forth above, Read's emergency motion for compassionate release (ECF No. 74) is **denied** without prejudice.

DATED at Burlington, in the District of Vermont, this 11th day of September, 2020.

                                        <u>/s/ William K. Sessions III</u>
                                        William K. Sessions III
                                        District Court Judge